**Stanford GALLION and Donna Gallion, Appellants,**

v.

**William MORGANFIELD, Respondent.**

No. 58561.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 26, 1991.

Rita M. Montgomery, Alif A. Williams, St. Louis, for appellants.

Nelson B. Rich, St. Louis, for respondent.

CRIST, Judge.

Appellants, mother and son, appeal the trial court's dismissal of their paternity suit against respondent. The trial court sustained respondent's motion to dismiss because the suit was barred by the Statute of Limitations. We reverse and remand.

Mother first brought suit against respondent in January 1985. The paternity action was filed pursuant to the Declaratory Judgments Act, Chapter 527 RSMo. In January 1985, Missouri law provided nei-

ther a specific statutory cause of action for paternity, nor a limitations period for commencing a paternity case under the Declaratory Judgments Act. The appropriate statute of limitations was that for minors bringing civil suits, under which the minor was granted twenty-one years. Son was thirteen years old when the suit was commenced.

Appellants subsequently filed an amended petition, and later, on May 12, 1987, filed a second Amended Petition in the suit. The suit was on the dismissal docket of November 21, 1988, and had previously been on the dismissal docket of November 15, 1986. On November 18, 1988, appellants' attorney prepared a memo seeking to have the suit removed from the dismissal docket. This request was denied on December 30, 1988, and the suit was dismissed without prejudice.

On March 30, 1989, the court set aside that dismissal because appellants' counsel was not notified of the dismissal. Respondent's counsel was apparently not notified of the reinstatement until April 18, 1989. On May 5, 1989, respondent filed a motion to set aside the March 30, 1989 order for lack of jurisdiction and lack of notice to counsel. This motion was heard and sustained on August 3, 1989. The court declined to set aside the August 3 ruling on August 31, 1989. Appellants refiled the action on the same day, August 31, 1989. The second action was also brought under the Declaratory Judgments Act and is identical to the Second Amended Petition in the first cause of action.

Because son turned eighteen on June 7, 1989, respondent moved to dismiss the cause as being outside the statute of limitations of the Uniform Parentage Act (UPA), § 210.828.1. The trial court sustained respondent's motion on June 1, 1990.

The trial court erred in dismissing this case. Section 210.828.1 of the UPA provides that an action brought under the UPA to determine parentage must be brought no later than eighteen years after

the birth of the child. This suit was not brought under the UPA, and its statute of limitations therefore does not apply.

The original suit was brought under the Declaratory Judgments Act, when the limitations period was twenty-one years. The trial court dismissed the suit without prejudice, clearly intending that appellants be able to refile. Under the limitations period in place when the original suit was brought, appellants had until son's twenty-first birthday to refile. Reversed and remanded.

CRANDALL, C.J., and GARY M. GAERTNER, P.J., concur.